PER CURIAM.
Appellee has filed in the appeal a motion that this court require appellant to furnish *802 it with a copy of the court reporter’s transcribed notes and, upon failure of appellant to do so, that the court enter an order dismissing the appeal. Appellant’s designation to the court reporter directs that he transcribe and certify to the clerk of the circuit court a copy of those parts of the proceedings specified. This calls for testimony of some of the witnesses, together with all offers in evidence of exhibits, objections, and rulings of the court made while any of the named witnesses were on the stand, and, additionally, certain other phases of the cause which occurred during the trial proceedings. The designation concludes with the instruction that the court reporter make only the original copy,, this to be certified and filed with the clerk.
Rule 3.6, Florida Appellate Rules, 31 F. S.A., with its subsections, prescribes the manner, method, and procedure for the preparation,, filing, and use of the record on appeal. The part of the rule designated as 3.6, subd. i with its subsections 1 through 4 specifically relates to the filing, use, and service of copies.
It is appellant’s position that no copy need be furnished, because the record transcribed by the reporter and filed with the clerk becomes the original record on appeal and is available for use by all parties litigant for a period of 110 days from the time of the filing of the notice of appeal.
As observed, appellant’s designation to the court reporter concerns and calls for selected portions to be transcribed from the court reporter’s notes taken at the trial. Under Rule 3.6, subd. i(3) appellant here was required to serve appellee with a copy of such portions of the reporter’s transcribed notes as directed by her to be included in the record on appeal. Appellee’s motion is therefore granted and appellant is directed to furnish a copy of the reporter’s transcribed notes within the time specified by Rule 3.6, subd. j(l).
Appellee has made additional directions to the court reporter, seeking to have these executed at the expense of appellant. Appellant, filing a motion to strike these additional directions, contends that the material sought to be added is useless and, at prohibitive expense would add to the record hundreds of pages of extraneous matter. No appeal record has been filed in this court, and we are not in a position to decide this question. As to appellee’s request that the expense be borne by appellant, this is not a matter which can be now determined and hence is premature. We therefore conclude that the motion to strike must be denied and that the request by appellee seeking to charge appellant with costs to include in the appeal record additional parts of the court reporter’s notes is denied.
KANNER, Acting C. J., and ALLEN and SMITH, JJ., concur.